**Rajinder KAUR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

Nos. 03–72233, A76–844–696.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided March 3, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jeffrey Martins, Law Office of Jeffrey Martins, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Nelda C. Reyna, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCÓN, SILER,** and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Rajinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the oral decision of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we grant the petition.

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

We review the IJ's adverse credibility determinations for substantial evidence. *Singh v. Ashcroft,* 362 F.3d 1164, 1168 (9th Cir.2004). "The IJ's decision may be reversed only if the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Shire v. Ashcroft,* 388 F.3d 1288, 1295 (9th Cir.2004). Although this standard is deferential, the IJ must provide "a legitimate articulable basis to question to the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996) (*quoting Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994)). We review in turn each stated reason for the IJ's adverse credibility determination. *Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004).

## II

■ The IJ stated that the "most glaring discrepancy" was Ms. Kaur's testimony that she was raped by three Punjab police officers. At the hearing, Ms. Kaur testified that the Station House Officer ("SHO") raped her after she was interrogated about her husband's whereabouts. After raping her, the SHO called two other men into the room. These officers also raped her. The SHO threatened Ms. Kaur that if she told anyone about what happened, he would kill her children.

In the declaration attached to her asylum application, Ms. Kaur declared that the SHO raped her and then "used me as a whore, and forced me to do immoral things by intimidating." She did not expressly allege that she was raped by three men. During cross-examination at the asylum proceedings, Ms. Kaur explained that when she stated in her declaration that the SHO "used me as a whore," she meant to imply that other men also raped her because "prostitute does not mean one

person." This explanation is logical and consistent with her testimony. We are persuaded that no reasonable factfinder would find this testimony not credible and a "glaring discrepancy." *See Osorio,* 99 F.3d at 933 (holding that the IJ "must address in *a reasoned manner* the explanations that [a petitioner] offers for [any] perceived inconsistencies.") (emphasis added).

## III

■ The IJ found that Ms. Kaur's testimony that she was prescribed painkillers for treatment for the sexual assaults was vague "and does not appear consistent with what would have occurred had she been brutally raped by three men." There is no evidence in the record regarding the type of medical treatment that rape victims receive in India. The IJ's speculation regarding the type of treatment a rape victim in India would receive following a rape is not sufficient to support an adverse credibility finding. *See Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) ("This Court reverses an adverse credibility determination that is based on 'speculation and conjecture' and is not supported by evidence in the record").

## IV

■ The IJ also found that Ms. Kaur's testimony that she left for Mohali to live with her cousin about a week after the date she was raped on February 2, 1996 was inconsistent with the statement in her declaration that she left her home after the police raided her parents' home in September 1996. We have consistently held that "[m]inor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Vilorio–*

*Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988). We conclude that this inconsistency was minor and did not reasonably devalue her credibility

## V

■ The IJ further found that Ms. Kaur failed to explain why her husband was not punished by his superiors until January 1996, when he had been refusing to engage in false encounters as early as 1985. The IJ did not credit Ms. Kaur's explanation that her husband's problems corresponded with the 1995 assassination of Punjab Chief Minister Beant Singh by Sikh extremists in 1995. Given Ms. Kaur's testimony that police officers were involved in Beant Singh's murder, however, it is plausible that the Punjab police would start to deal harshly with an officer, such as Ms. Kaur's husband, who was suspected of sympathizing with Sikh nationalists following the Chief Minister's murder. Furthermore, there is no evidence in the record that Ms. Kaur was informed by anyone the precise reasons that motivated the Punjab police to persecute her husband when they did. Ms. Kaur's inability to provide a more specific explanation regarding the reason her husband's superiors chose to punish him in January 1996, is not a "specific, cogent reason" for questioning her credibility. *Osorio*, 99 F.3d at 931.

## VI

■ The IJ also found that Ms. Kaur had difficulty describing her husband's duties and needed to be "pressed" to indicate that he was a driver. To the contrary, the record shows that when first asked what her husband's job was with the police, Ms. Kaur answered, "[h]e was a driver in the police station." Asked what other duties her husband performed, Ms. Kaur testified that "[i]t is not essential or necessary for women in, over there to

know [what] their husband's specific duties are." She was not "pressed" to provide any of this information.

The IJ faulted Ms. Kaur for inability "to explain how a driver would be charged" with participating in "false encounters," apparently on the premise that it is implausible that a police driver would be asked to participate in such abuses. Even assuming this premise is valid, rather than impermissible speculation and conjecture, Ms. Kaur testified that her husband's duties included arresting criminals.

## VII

■ The IJ stated that given her "doubts about respondent's veracity" corroborating documents "were all the more essential." The IJ noted that Ms. Kaur failed to corroborate her claim that her husband had worked for the Punjab police, that she had ever been arrested, or that she had received medical treatment following the sexual assaults. "However, where, as here, the [IJ] offers no legitimate reason to question the applicant's credibility, we must reverse a finding that the applicant failed to meet [her] burden of proof because [she] did not provide corroborating evidence." *Salaam*, 229 F.3d at 1239.

## VIII

Ms. Kaur also petitions for review of the IJ's denial of relief under the CAT. Her brief, however, fails to present an argument on this issue, and it is therefore deemed waived. *See* Fed. R.App. P. 28(a)(9); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

## IX

Ms. Kaur contends that the BIA violated its streamlining regulations when it af-

firmed the IJ's decision without issuing an opinion. "However, we need not reach the question of whether the regulations were violated in this case because it is moot, as we are granting the petition for review." *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1253 (9th Cir.2004).

## CONCLUSION

Ms. Kaur's credible testimony that she was persecuted on a protected ground creates a presumption that she has a well-founded fear of future persecution and that there is a clear probability that her life or freedom would be in danger if she were returned to her country of removal. *Hoque v. Ashcroft*, 367 F.3d 1190, 1198 (9th Cir.2004). We remand to the BIA to consider whether the Attorney General can rebut this presumption with evidence of changes in country conditions.

The petition is GRANTED.