**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



JUN 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJINDER KAUR,

　　　　　　　　Petitioner,

　　v.

ERIC H. HOLDER, Jr., Attorney General,

　　　　　　　　Respondent.

No. 07-72474

Agency No. A76-844-696

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,[**] District Judge.

　　Rajinder Kaur ("Kaur"), a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and review

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

the agency's factual findings for substantial evidence and its legal conclusions *de novo*. *Viridiana v. Holder*, 630 F.3d 942, 945 (9th Cir. 2011). We grant the petition and remand.

We previously rejected the IJ's adverse credibility finding and concluded that Kaur demonstrated she suffered past persecution when she was detained and raped by officers of the Punjab police. *Kaur v. Gonzales*, 128 F. App'x 567, 571 (9th Cir. 2005). We remanded the matter to the agency to determine whether evidence of changed country conditions rebutted the presumption of a well-founded fear of future persecution and the clear probability that Kaur's life or freedom would be in danger if she returned to India. *Id.* On remand, the IJ determined that the government met its burden and rebutted the presumption.

The IJ's decision rests on three erroneous findings. First, the IJ misapplied the law when she found that Kaur's well-founded fear of future persecution was undercut by the continued presence of Kaur's husband in India. That evidence does not rebut the presumption because Kaur's husband has remained in hiding since he and Kaur were persecuted by the Punjab police. *See Toure v. Attorney Gen.*, 443 F.3d 310, 319 (3d Cir. 2006) (holding that where similarly situated family members are in hiding, "a lack of continued persecution merely reflects the family members' ability to avoid detection, not the Government's desire, or lack

2

thereof, to further persecute them"). Second, relying on country reports, the IJ improperly concluded that the Punjab police would not pursue and persecute Kaur because she was not a high-profile militant. Kaur and her husband were persecuted because Kaur's husband, who worked for the Punjab police, refused to participate in human rights abuses and deserted his position. *See Barraza Rivera v. INS*, 913 F.2d 1443, 1451 (9th Cir. 1990) (holding that punishment for "refusing to comply with military orders . . . because they violate standards of human decency" can itself amount to persecution). The country reports do not address whether, in those specific circumstances, the Punjab police would continue to target Kaur for persecution. Third, the IJ improperly considered the passage of time since Kaur was persecuted as an additional factor in her decision because the length of time was largely due to the instant litigation. *Salazar-Paucar v. INS*, 281 F.3d 1069, 1077 (9th Cir. 2002).

In sum, the IJ's decision is based on erroneous conclusions of law and is not supported by substantial evidence. The government failed to rebut the presumption of a reasonable fear of future persecution and the clear probability that Kaur's life or freedom would be threatened if she returned to India. *See* 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1)(i). Accordingly, we grant the petition and remand

so the Attorney General can exercise his discretion regarding asylum and grant

Kaur withholding of removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**