**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIELI CESTARI-CUENCA and OSCAR ADRIAN FLORES-CAMACARO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-74034 <br><br> Agency Nos.  A095-560-921 <br> A095-560-922 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Petitioners Cestari-Cuenca and Flores-Camacaro, husband and wife, petition

for review of the Board of Immigration Appeals' (BIA's) order dismissing their

appeal from an Immigration Judge's (IJ's) denial of their application for asylum,

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withholding of removal, and relief under the Convention Against Torture (CAT).[1]

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand to the BIA for further proceedings.

Petitioner concedes that she filed her asylum application after the one-year statutory deadline for filing had expired. "The regulations provide that, to be excused from the one-year filing deadline, an applicant must first demonstrate extraordinary circumstances, and then show 'that those circumstances were directly related to the alien's failure to file the application within the one-year period, and that the delay was reasonable under the circumstances.'" *Wakkary v. Holder*, 558 F.3d 1049, 1057 (9th Cir. 2009) (quoting 8 C.F.R. § 208.4(a)(5)). For the reasons discussed below, we conclude that the BIA erred in ruling that Cestari-Cuenca failed to establish extraordinary circumstances, and we remand so that the agency can consider in the first instance whether her delay in filing was reasonable.

We conclude that Cestari-Cuenca exhausted her claim regarding Tomaszewski's ineffective assistance of counsel before the IJ and BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

---

[1] Flores-Camacaro sought asylum and withholding relief through his wife, Cestari-Cuenca, who was treated as the lead applicant. Therefore, references to Cestari-Cuenca include Flores-Camacaro unless otherwise noted.

We also conclude that Tomaszewski was ineffective in representing Cestari-Cuenca and her husband. A petitioner seeking to establish ineffective assistance of counsel need only establish "that counsel failed to perform with sufficient competence, and . . . that she was prejudiced by counsel's performance." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). Cestari-Cuenca intended to apply for asylum and would have done so but for the deficient legal advice provided by Tomaszewski. This deficient advice prejudiced Cestari-Cuenca when she missed the one-year deadline in which to file an application for asylum after entering the country. *See* 8 U.S.C. § 1158 (a)(2)(B).

Tomaszewski's ineffective assistance constituted extraordinary circumstances that were directly related to Cestari-Cuenca's failure to file a timely asylum application. *See id.* at § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(5)(iii) (extraordinary circumstances include ineffective assistance of counsel). Given Cestari-Cuenca's undisputed testimony that her failure to file a timely application was due to Tomaszewski's advice, the BIA's conclusion that she did not demonstrate 'extraordinary circumstances' was not supported by substantial

3

evidence. *See Viridiana v. Holder*, 630 F.3d 942 (9th Cir. 2011); *Lopez v. INS*, 184 F.3d 1097 (9th Cir. 1999).[2]

Because of its determination that Cestari-Cuenca did not establish extraordinary circumstances, the BIA did not expressly address the separate question of whether her delay in filing her asylum application after learning of Tomaszewski's fraud was reasonable under the circumstances. *See Wakkary*, 558 F.3d at 1058 ("[T]he regulations make clear that the reasonableness determination [under 8 C.F.R. § 208.4(a)(5)] must be made 'under the circumstances' on a case-by-case basis."). To the extent the BIA's decision could be construed as determining that Cestari-Cuenca's delay was unreasonable, the record evidence is insufficient to support any such ruling. At the asylum hearing, the IJ cut off Cestari-Cuenca's attempt to explain the interactions between petitioners and Salazar during the time after Tomaszewski's fraud was discovered. Moreover, it was unrealistic to expect Salazar's associate to develop vigorously the facts that would establish his own firm's ineffectiveness. Whether Salazar and his associates

---

[2] Cestari-Cuenca's failure to comply with the requirements of 8 C.F.R. § 208.4(a)(5)(iii)(A)-(C), *see also Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)*, does not preclude her extraordinary circumstances argument because Tomaszewski's ineffectiveness is clear on the face of the record and because she had already been disbarred at the time Cestari-Cuenca and her husband discovered the fraud. *See Castillo-Perez v. INS*, 212 F.3d 518, 525-26 (9th Cir. 2000).

4

provided ineffective assistance of counsel and whether such assistance was the cause of any delay can be addressed on remand.

Accordingly, on remand, the agency should fully develop the record regarding the circumstances of Cestari-Cuenca's delay in filing her asylum application and, if warranted, the merits of her asylum claim. We also remand the claims for withholding of removal, and relief under CAT so that petitioners, with the assistance of their new counsel, may offer additional evidence and argument regarding past persecution, withholding of removal, and relief under CAT.

PETITION GRANTED and REMANDED for further proceedings

5

*Cestari-Cuenca v. Holder*, 09-74034
IKUTA, Circuit Judge, dissenting:

In order to be excused from complying with the one-year time bar for applications for asylum, Cestari-Cuenca and Flores-Camacaro (Petitioners) were required to show that extraordinary circumstances prevented them from filing a timely asylum application. *See* 8 U.S.C. § 1158(a)(2)(B), (D); *see also* 8 C.F.R. § 208.4(a)(5). Petitioners attempted to show that Tomaszewski's ineffective assistance was the cause of their untimeliness, but as the IJ and BIA held, Petitioners failed to establish the existence of extraordinary circumstances and did not offer any explanation for the 17-month delay between the revelation of Tomaszewski's ineffective assistance in February 2002 and the tardy filing of their asylum applications in July 2003. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, the BIA properly denied their asylum claim. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008).

On appeal, and for the first time, Petitioners argue that the 17-month delay was caused by Salazar's ineffective assistance in failing to file their asylum applications. Petitioners did not exhaust that argument before the IJ or the BIA, as they were required to do. 8 U.S.C. § 1252(d)(1). Petitioners introduced their ineffective assistance of counsel claim against Salazar in their second motion to

1

reopen, but that claim was limited to Salazar's failure to file a timely direct appeal to the BIA's January 28, 2005 order, and his failure to inform them that their voluntary departure had not been tolled. Because Petitioners did not offer any explanation for the 17-month delay to the IJ and BIA, and did not argue that Salazar's ineffective assistance in failing to file their asylum applications was the cause of that delay, those arguments are not exhausted, and we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Accordingly, I respectfully dissent.