FILED

JUN 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROZI SONI, | No. 07–72874 |
| Petitioner, | |
| v. | Agency No. A97–614–142 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,[**] District Judge.

Rozi Soni ("Soni"), a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36–3.

[**] The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252, and grant the petition for review and remand for further proceedings.

We review the agency's factual findings for substantial evidence and its legal conclusions *de novo*. *Viridiana v. Holder*, 630 F.3d 942, 945 (9th Cir. 2011). Where, as here, the agency did not make an express adverse credibility finding, the petitioner's testimony is accepted as true. *See id.*

Soni demonstrated that she suffered persecution when three Punjab police officers detained, raped, and beat her following her arrest at a student political rally, and afterwards continued to seek her at her family's home. She is therefore entitled to a presumption that she would suffer persecution if she returned to India. 8 C.F.R. § 1208.13(b)(1). The government bears the burden of rebutting that presumption by a preponderance of the evidence to show that Soni could safely and reasonably relocate in India. *See* 8 C.F.R. § 1208.13(b)(1)(ii); *Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010).

The IJ's conclusion that the government rebutted the presumption by showing that internal relocation would be both safe and reasonable for Soni is not supported by substantial evidence. Although the IJ pointed to some evidence that Soni could safely relocate, the country reports on which he relied are inconclusive, and do not, by themselves, constitute substantial evidence. In addition, the IJ

2

erroneously found that Soni's continued presence in India indicated she could safely relocate, when in fact the Punjab police continued to seek Soni at her family's home until she left India. Because Soni did not remain in India without incident, her continued presence there does not rebut the presumption of a well-founded fear of future persecution. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Moreover, in addressing the reasonableness of relocation, the IJ sidestepped the difficulties a single Indian woman such as Soni would face in relocating in India by suggesting that Soni's husband could move to India with her. The record is devoid of evidence that Soni's husband could relocate with her in India, and the IJ's decision completely ignores evidence that Soni and her husband have two U.S. citizen children. The IJ's failure to properly address the cultural restraints and familial ties factors requires remand. *See* 8 C.F.R. § 1208.13(b)(3); *Afriyie*, 613 F.3d at 935.

Accordingly, we grant the petition for review and remand for further proceedings in which Soni's continued presence in India after her detention and rape shall not be deemed evidence that she could safely relocate. On remand, the agency shall also address the cultural restraints and familial ties factors, placing the burden on the government to show Soni's husband could relocate with her.

3

**PETITION FOR REVIEW GRANTED; REMANDED.**