**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UTJOK MARUAHAL, | No. 07-75112 |
| Petitioner, | Agency No. A078-020-356 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Utjok Maruahal, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to remand, and

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo its legal conclusions. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the agency's denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We grant in part and deny in part the petition for review, and we remand.

The record supports the BIA's finding that Maruahal failed to establish an exception to his untimely filed asylum application based on 8 C.F.R. § 1208.4(a)(5)(v) (setting forth extraordinary circumstance exception based on an application that is timely filed, rejected, corrected, then refiled within a reasonable period of time). We remand because the BIA failed to determine whether the facts of Maruahal's case nevertheless established an unenumerated extraordinary circumstance that may excuse an untimely asylum application. *See Viridiana v. Holder*, 646 F.3d 1230, 1238 (9th Cir. 2011). Accordingly, we grant the petition for review with respect to Maruahal's asylum claim and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

With respect to Maruahal's withholding of removal claim, substantial evidence supports the BIA's finding that he failed to demonstrate a clear

2

07-75112

probability of persecution because, even as a member of a disfavored group, he did not present sufficient evidence of an individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because Maruahal failed to demonstrate is it more likely than not he would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Finally, the BIA denied Maruahal's motion to remand in light of its precedential decision in *Matter of A-K-*, 24 I. & N. Dec. 275 (BIA 2007). Maruahal does not raise any challenge to this determination in his opening brief.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**