**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| NELLY VIVANCO and WILMER CORONEL,<br><br>      Petitioners,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>      Respondent. | No. 09-71864<br><br>Agency Nos. A098-829-323<br>A098-829-324<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2014**
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

   Nelly Vivanco and Wilmer Coronel, wife and husband and natives and

citizens of Peru, petition for review from the Board of Immigration Appeals'

---

   \* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   \*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

("BIA") order dismissing their appeal from an Immigration Judge's (IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

I

We review the BIA's findings for substantial evidence, applying the standards created by the REAL ID Act, because petitioners filed their applications after May 11, 2005. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

II

In general, an applicant for asylum may be eligible for such relief based on past persecution or on "a well-founded fear of future persecution," which "must be both subjectively genuine and objectively reasonable." *Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (internal citations and quotation marks omitted). Similarly, an applicant for withholding of removal may be eligible for such relief based on past persecution or "'objective evidence that it is more likely than not that

___

[1] Coronel's application was derivative of lead petitioner Vivanco's application.

[he or she] will be subject to persecution upon deportation.'" *Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011) (quoting *I.N.S. v. Cardoza–Fonseca*, 480 U.S. 421, 430 (1987)).

Petitioners sought to demonstrate their eligibility for asylum, withholding of removal, and protection under the CAT primarily through Ms. Vivanco's testimony. She testified that Oscar Ramirez-Durand, a leader of the Sendero Luminoso or Shining Path, killed her brother, Javier Carlos Vivanco-Andia. She also asserted that, by publicly seeking the Peruvian authorities' help to find Vivanco-Andia's body and his killer, she "participated" in Ramirez-Durand's capture. Additionally, she testified that, for that reason, the Sendero Luminoso has targeted her and her family for retribution because they blame her for Ramirez-Durand's capture. She stated that she feared persecution or assassination by the Sendero Luminoso if she was removed to Peru.

The IJ determined that Ms. Vivanco's testimony that Ramirez-Durand killed her brother and that she participated in Ramirez-Durand's capture was not supported by objective evidence and was internally inconsistent and implausible. The IJ found that, while a Peruvian government report on Vivanco-Andia's death identified several individuals as his "presumed" murderers, it named Ramirez-Durand only as a commander of the Sendero Luminoso and not as Vivanco-

3

Andia's killer. (Certified Administrative Record ("AR") 380.) The report states that Abraham Acevedo-Espinoza, who was with Vivanco-Andia when he was killed, informed Peruvian authorities that members of the Sendero Luminoso party involved in Vivanco-Andia's murder referred to each other as "Richard," Negra," and "Freddy." (AR 376–77.) The IJ found that, in addition to the lack of "direct corroborating evidence" for her testimony, there was no document that mentioned Ms. Vivanco with respect to Ramirez-Durand or his capture. Additionally, the IJ found that Ms. Vivanco's claim that she feared persecution or assassination if removed to Peru because she participated in the capture of Ramirez-Durand was implausible in light of the fact that she remained in Peru approximately two (2) years after her husband migrated to the United States.

The IJ also found that Ms. Vivanco's "demeanor" during her testimony regarding her participation in Ramirez-Durand's capture was "equivocal and hesitant" and "shifted markedly . . . particularly when she was challenged about the statements that she was making and the inconsistency of those statements with corroborative documents or the lack of corroboration of that portion of her testimony."

The BIA concluded that the record supported the IJ's finding that Ms. Vivanco's testimony regarding her involvement in Ramirez-Durand's capture

4

was inconsistent with the evidence regarding his arrest. It stated that, while Ms. Vivanco testified that her actions led to Ramirez-Durand's capture, no evidence in the record mentioned that she was involved in the Peruvian government's pursuit and capture of Ramirez-Durand. Noting that it "consider[ed] the totality of the circumstances and all relevant factors," including the IJ's observation of Ms. Vivanco's demeanor, the BIA was "not persuaded to disturb the Immigration Judge's conclusion that [Ms. Vivanco] failed to testify credibly."

The inconsistencies between Ms. Vivanco's testimony that Ramirez-Durand killed her brother and that she was personally involved in Ramirez-Durand's capture and the documentation of Vivanco-Andia's murder and Ramirez-Durand's capture support the BIA's and the IJ's findings that she was not a credible witness. Additionally, Ms. Vivanco failed to present any evidence to corroborate her claims that she participated in the capture of Ramirez-Durand. Petitioners have failed to present evidence from which a reasonable adjudicator would be compelled to conclude that they have an objective well-founded fear of future persecution. 8 U.S.C. § 1252(b)(4)(B); *Halim*, 590 F.3d at 976; *Viridiana*, 646 F.3d at 1239. Accordingly, substantial evidence supports the BIA's conclusion that petitioners have failed to meet their burden to establish eligibility for asylum or withholding of removal. 8 U.S.C. §§ 1158(b)(1)(A)-(B)(ii), 1231(b)(3)(A), (C).

III

Petitioners also relied on the same testimony to demonstrate their eligibility for protection under the CAT. They did not proffer credible evidence that it was more likely than not that they would be subject to torture, by government consent or acquiescence, if removed to Peru. Accordingly, petitioners have also failed to meet their burden of proof to establish eligibility for protection under the CAT. 8 C.F.R. §§ 1208.18(a)(1) & (7), 1208.16(c)(1)-(2).

IV

Contrary to Ms. Vivanco's contention, the BIA did not issue a "boilerplate" decision in this case. The BIA's decision demonstrates that it independently reviewed the record, states with particularly the reasons for the denial of relief, and provides a sufficient basis for meaningful appellate review. *Castillo v. I.N.S.*, 951 F.2d 1117, 1121 (9th Cir. 1991).

**PETITION FOR REVIEW DENIED**.