**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROK GJURASHAJ, AKA Rock Gjurashaj, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-71281 <br><br> Agency No. A018-709-048 <br><br><br> MEMORANDUM[*] |
| ROK GJURASHAJ, AKA Cjurashaj, AKA Rock Gjurashaj, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72142 <br><br> Agency No. A018-709-048 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 8, 2012 Submitted March 26, 2014
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Rok Gjurashaj petitions for review of the Board of Immigration Appeals'

("BIA") rejection of his motion to reconsider and remand, as well as his objections

to the Immigration Judge's ("IJ") rejection of his applications for withholding of

removal and relief under the Convention Against Torture ("CAT").

**I.** Gjurashaj contends that the BIA erred in refusing to remand his case to

allow him to pursue adjustment of status via a discretionary waiver of

inadmissibility under either Section 212(h) of the Immigration and Naturalization

Act ("INA"), 8 U.S.C. § 1182(h), or what was formerly Section 212(c) of the INA,

*see* 8 U.S.C. § 1182(c) (1990) (repealed 1996).

Under a recent Ninth Circuit case, the BIA erred in holding Gjurashaj

ineligible to apply for a waiver of inadmissability under Section 212(h) on the

ground that his status was adjusted to that of a lawful permanent resident ("LPR")

after physically entering the country. *See Negrete-Ramirez v. Holder*, 741 F.3d

1047 (9th Cir. 2014). "Only noncitizens who entered into the United States as

LPRs are barred from eligibility to apply for the § 212(h) waiver." *Id.* at 1054.

Gjurashaj entered the country as a refugee, not an LPR. He thus remains eligible for a waiver of inadmissability under Section 212(h).

The government objects that Gjurashaj conceded that he entered the country as an LPR. But both the IJ and the BIA found Gjursahaj to have first entered as a refugee. That finding is supported by Gjurashaj's entry papers, and is thus binding. *See* 8 U.S.C. § 1252(b)(4)(B); *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013).

As to Gjurashaj's efforts to seek a waiver under former Section 212(c), the BIA's ground of decision is legally inadequate. It relied on its comparable grounds doctrine, which the Supreme Court subsequently struck down as "not supported by text or practice or cost considerations." *Judulang v. Holder*, 132 S. Ct. 476, 490 (2011). The government urges us to affirm on alternative grounds. We cannot do so. *See, e.g.*, *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1109 (9th Cir. 2011).

**II.** Gjurashaj contests the denial of his application for withholding of removal, arguing that his 1982 conviction should not have been considered a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii). Conviction of an aggravated felony for which the alien was sentenced to at least five years in prison constitutes a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(iv). The IJ held that both Gjurashaj's 1982 conviction and his 2005 conviction qualified as

3

particularly serious crimes. The BIA, however, affirmed on the basis of the 1982 conviction alone, reasoning that the crime was an aggravated felony for which Gjurashaj received a five-year sentence.

After the BIA ruled on the merits of Gjurashaj's case, and after completion of briefing in this Court, we issued *Ledezma-Galicia v. Holder*, 636 F.3d 1059 (9th Cir. 2010). That case held that an aggravated felony conviction prior to November 18, 1988 could not serve as grounds for removal under 8 U.S.C. § 1227(a)(2)(A)(iii). *Id.* at 1080. Whether an aggravated felony conviction prior to that date precludes withholding of removal is an open question, the resolution of which *Ledezma-Galicia* will affect but not control. The BIA did not "ha[ve] the benefit of our opinion in [*Ledezma-Galicia*] when it ruled on and reviewed the merits of [Gjurashaj's] claim for withholding of removal. In light of this intervening change in the law, we remand [Gjurashaj's] withholding of removal claim so the agency can reconsider it in light of [*Ledezma-Galicia*]." *Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011).

**III.** Gjurashaj challenges the denial of his application for relief under CAT, *see* 8 C.F.R. § 1208.16–.17, arguing that the BIA's decision "relied on improper conjecture and speculation." Not so. Substantial evidence supported the BIA's determination that Gjurashaj had not demonstrated a sufficiently substantial

4

connection between himself and the fourteen ethnic Albanians who had been detained and abused in Montenegro. Gjurashaj sought to analogize his situation to the circumstances of those individuals, arguing that he would be subject to similar abuse in Montenegro. But those individuals, unlike Gjurashaj, were connected with an Albanian nationalist organization at the time of their detention. The remaining instances of physical abuse described in the record relate to political conditions in the first half of the twentieth century, and are not pertinent to the likelihood that Gjurashaj would be tortured today.

**IV.** Gjurashaj complains that the BIA erred in refusing to grant his motion to reopen and remand on the ground that his representation before the IJ was constitutionally inadequate. To prevail, Gjurashaj must, among other things, establish "'substantial prejudice,' which 'is essentially a demonstration that the alleged violation affected the outcome of the proceedings.'" *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004) (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). He has not done so. Declarations describing the new facts Gjurashaj sought to present on remand are essentially duplicative of material already considered by the IJ and BIA. Even assuming Gjurashaj's attorney failed him before the IJ, the BIA did not abuse its discretion in holding those failings non-prejudicial.

5

**V.** Gjurashaj asserts the BIA erred in refusing to remand on the basis of an incomplete transcript of the proceedings before the IJ. The meaning of these partial omissions can be readily gleaned from context. The BIA thus did not abuse its discretion in holding that the incomplete transcript has not prejudiced Gjurashaj's appeal.

**VI.** Gjurashaj complains that the IJ inaccurately designated Montenegro as the country of removal. The accuracy of that determination is a question of fact over which we have no jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C)–(D). We thus do not reach it.

For the reasons above, we grant that portion of the petition for review related to Gjurashaj's eligibility for relief under Section 212(h), 8 U.S.C. § 1182(h), and former Section 212(c), and remand to the BIA, so that Gjurashaj may apply for such relief. We also remand to the BIA to consider whether, in light of *Ledezma-Galicia*, 636 F.3d 1059, Gjurashaj's 1982 conviction precludes him from withholding of removal. We deny the remainder of the petition.

**GRANTED IN PART, DENIED IN PART, and REMANDED.**

Each party shall bear its own costs on appeal.