NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FATMA DARYANTI MALIK; LEONARDO THEODOSIUS TAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 10-73213 <br><br> Agency Nos.    A097-740-738 <br>                A078-504-415 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2014
Pasadena, California

Before: N.R. SMITH and MURGUIA, Circuit Judges, and MCNAMEE, District Judge.[**]

Petitioners Fatma Daryanti Malik and Leonardo Theodosius Tan petition for

review of the Board of Immigration Appeals (BIA) decision upholding the

immigration judge's (IJ's) denial of their applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Stephen M. McNamee, United States District Judge
for the District of Arizona, sitting by designation.

removal, and protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252.  We grant in part and deny in part the petition for review, and we remand for further factfinding by the IJ.

Because the BIA conducted its own review of the evidence and law, we review the BIA's decision and not that of the IJ, except to the extent that the BIA expressly adopted portions of the IJ's opinion.  *Cordoba v. Holder*, 726 F.3d 1106, 1113-14 (9th Cir. 2013); *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). We review de novo purely legal questions and mixed questions of law and fact. *Cordoba*, 726 F.3d at 1113.  We review the BIA's factual determinations for substantial evidence.  *Id.*

1.      Substantial evidence supports the BIA's determination that, even assuming Petitioner established that "extraordinary circumstances" gave rise to her delay in filing her asylum application, she failed to establish that, "given those circumstances," she filed the application within a reasonable period of time.  *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(5).  Although immigration consultant fraud such as that alleged by Petitioner may constitute "extraordinary

---

[1]      Petitioner Tan is a derivative applicant on Petitioner Malik's asylum application, but the two filed separate applications for withholding of removal and CAT protection.  Because both Petitioner Malik's and Petitioner Tan's requests for relief are based on the same claims, we discuss Petitioner Malik's claims only.

circumstances" to excuse a delay, *see Viridiana v. Holder*, 646 F.3d 1230, 1238 (9th Cir. 2011), Petitioner was nonetheless required to submit her application "within a reasonable period given those circumstances," 8 C.F.R. § 208.4(a)(5). She did not. Indeed, Petitioner's only stated reason for her delay was that she needed to "sav[e] up money again [for the] processing of the paperwork"; she did not, however, present any evidence that she had been diligent in seeking the help of an attorney, that she knew how much money she needed to save, or that she had taken any steps to learn how she might begin the asylum application process. In the absence of such evidence, we cannot conclude that the BIA's determination was not "supported by reasonable, substantial, and probative evidence in the record as a whole." *Al-Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (internal quotation marks omitted).

2.      Substantial evidence likewise supports the BIA's determination that Petitioner is not entitled to CAT protection. Petitioner offered no evidence that she more likely than not will be tortured should she return to Indonesia. *See* 8 C.F.R. § 1208.16(c)(2) (setting forth that standard).

3.      We grant in part the petition for review because the BIA violated 8 C.F.R. § 1003.1(d)(3) when it impermissibly engaged in factfinding in the course of considering Petitioner's request for withholding of removal. Under

§ 1003.1(d)(3)(iv), the BIA is not permitted to "engage in factfinding in the course of deciding appeals." "Where the BIA fails to follow its own regulations and makes factual findings, it commits an error of law, which we have jurisdiction to correct." *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012).

Because the IJ declined initially to apply the disfavored group analysis of *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), and *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), to Petitioner's claim for withholding of removal, the IJ never made the findings required under that analysis–specifically, findings with respect to whether Petitioner was a member of a "disfavored group" in Indonesia or whether Petitioner was at an "individualized risk of being singled out for persecution," *Sael*, 386 F.3d at 925. Although the IJ did make a finding that Petitioner had not satisfied her burden to establish a fear of future persecution, it made no finding as to whether Petitioner had satisfied her burden to establish an "individualized risk of being singled out for persecution" under the disfavored group analysis, which is, potentially, a lower standard. *See Sael*, 386 F.3d at 925.

On appeal, however, the BIA found that Petitioner "ha[d] presented little evidence that she would face any increased individualized risk as compared to the general ethnic-Chinese and Christian religion population of Indonesia." That finding was not made initially by the IJ, and is precisely the sort of finding that the

4

BIA, in its appellate function, is precluded from making in the first instance under 8 C.F.R. § 1003.1(d)(3)(iv). *See Ridore v. Holder*, 696 F.3d 907, 915 (9th Cir. 2012) ("[A] finding that a petitioner is likely to be beaten by government officials based on a finding that the petitioner was severely beaten in the past" is "a finding of fact." (quoting *Kaplun v. Attorney Gen.*, 602 F.3d 260, 271 (3d Cir. 2010)). To the extent that the IJ made relevant findings of fact based on the country conditions evidence in the record, the BIA did not state those findings as a basis for its conclusion under the disfavored group analysis.

Moreover, the BIA did not address Petitioner's testimony that the police failed to assist her when it concluded that Petitioner had not shown that the Indonesian government was unable or unwilling to protect her from harm. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (requiring the BIA to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks omitted)).

The BIA's conclusions with respect to Petitioner's requests for asylum and CAT protection are supported by substantial evidence in the administrative record. For that reason, we **DENY IN PART** the petition review. Because the BIA exceeded its appellate authority with respect to Petitioner's request for withholding

5

of removal, we **GRANT IN PART** the petition for review, and **REMAND** for the IJ to make the findings of fact required under the disfavored group analysis in the first instance.

Each party shall bear its own costs on appeal.