**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUNALI RASIKA WEERASEKARA, | No. 12-73468 |
| Petitioner, | |
| v. | Agency No. A097-762-993 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

**1.** We have jurisdiction to review the Board of Immigration Appeals' (BIA) determination that "extraordinary circumstances" did not excuse Sunali Weerasekara's untimely asylum application, because the facts underlying her untimely filing are undisputed. *See* 8 U.S.C. § 1158(a)(2)(D); *Viridiana v. Holder*, 646 F.3d 1230, 1234 (9th Cir. 2011).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA erred in concluding that Weerasekara's mental health problems did not amount to extraordinary circumstances "directly related" to Weerasekara's failure to timely file. 8 C.F.R. § 208.4(a)(5). The BIA reasoned that because Weerasekara was eventually able to file for asylum despite her untreated mental illness, she could have applied earlier, notwithstanding that illness. But a petitioner need not show that an illness or disability incapacitated her in order to show extraordinary circumstances. Rather, she need only show the delay is "directly related" to the illness or disability. *Id.* Weerasekara submitted uncontested evidence from her psychologist, who stated that it was "highly likely" Weerasekara's failure to timely file was the result of her inability to discuss the traumatic events that formed the basis of her asylum application. The fact that Weerasekara was eventually able to discuss those events is irrelevant to whether she was able to discuss them at an earlier date.

Weerasekara's mental illness constituted extraordinary circumstances and those circumstances were directly related to her failure to timely file her asylum application. We remand to the BIA to determine whether the delay in filing was "reasonable under the circumstances." 8 C.F.R. § 208.4(a)(5); *see also Wakkary v. Holder*, 558 F.3d 1049, 1057 (9th Cir. 2009).

**2.** As to withholding of removal, the BIA erred in failing to take into account Weerasekara's psychological injuries as part of its past persecution analysis. The BIA stated that Weerasekara "was not significantly injured" as a result of the events underlying her withholding claim. Weerasekara did not experience significant physical injuries, but she did experience post-traumatic stress. "Persecution may be emotional or psychological, as well as physical." *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004). The BIA declined to consider Weerasekara's psychological injuries because "her mental health problems preceded her political involvement." Weerasekara's depression preceded her political involvement, but her post-traumatic stress did not. We remand to the BIA to reconsider Weerasekara's withholding claim in light of her psychological injuries.

**3.** The BIA did not err in finding that Weerasekara failed to show that "it is more likely than not" that she would be tortured upon return to Sri Lanka. 8 C.F.R. § 208.16(c)(2). Weerasekara presented some evidence that torture occurs in Sri Lanka, but she did not offer evidence that she is likely to be targeted or that torture is used against members of her political party. *See Wakkary*, 558 F.3d at 1068.

**PETITION GRANTED in part, DENIED in part, and REMANDED.**

Each party shall bear its own costs.