NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 10 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESAYI INDIKUSHAYAN and ALBERT INDIKUSHYAN, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-73336 <br><br> Agency Nos.　A097-857-788 <br>　　　　　　　　A097-665-876 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2015[**]
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and CHHABRIA,[***]
District Judge.

Yesayi Indikushyan and his son, Albert, natives and citizens of Armenia,

petition for review of a Board of Immigration Appeals (BIA) decision affirming

the denial of Yesayi's applications for asylum, withholding of removal, and

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Vince G. Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

protection under the Convention Against Torture (CAT).[1]   We review for substantial evidence the agency's factual findings.   *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013).   We deny the petition for review.[2]

Substantial evidence supports the agency's adverse credibility determination.   *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (in pre-REAL ID Act cases, the court "must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution") (alteration omitted).   Petitioner's initial declaration discussed only one instance in which soldiers allegedly arrived at his father's store and perpetrated politically-motivated violence therein.   In a supplemental declaration, Petitioner for the first time mentioned a home attack that took place on the same day as the store attack. During his live testimony, Petitioner stated that the home attack actually took place over two weeks after the store attack, after his return from the hospital for injuries

---

[1]   Albert Indikushyan is a derivative beneficiary of his father's application. He did not take substantive part in the immigration proceedings and did not file any independent claims.   References to "Petitioner" shall therefore refer to Yesayi.

[2]   Petitioner's application was filed prior to the effective date of the REAL ID Act.   This court's pre-REAL ID case law therefore controls.

suffered during the store attack. He also offered vague and inconsistent testimony regarding when various injuries were suffered by whom. These inconsistencies regarding a "dramatic, pivotal event" that "precipitated [the petitioner's] flight" from his home country goes to the heart of his claim and provide substantial evidence for discrediting his testimony. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).

When given the opportunity to explain these inconsistencies, Petitioner stated that they were due to faulty memory and that his memory was worse when he testified than when he submitted his declarations, but that his testimony reflected the most accurate account. The agency reasonably rejected this explanation and "properly rel[ied] on the inconsistenc[ies] as support for an adverse credibility determination." *Rizk*, 629 F.3d at 1088.

The BIA validly concluded that the adverse credibility determination was dispositive of Petitioner's asylum and withholding of removal claims. Without credible testimony, Petitioner necessarily failed to carry his burden of proving past persecution, a well-founded fear of future persecution, or a clear probability of future persecution. *See Madrigal*, 716 F.3d at 503 (asylum requires establishing either past persecution or a well-founded fear of future persecution); *Viridiana v.*

3

*Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011) (withholding of removal requires establishing either past persecution or a clear probability of future persecution).

Although an "adverse credibility determination is not necessarily a death knell to CAT protection," *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010), where, as here, the evidence supporting Petitioner's claim "is his discredited testimony and general [country] reports" regarding human rights in Armenia, "to reverse the BIA's decision [the court] would have to find that the reports alone compelled the conclusion that [Petitioner] is more likely than not to be tortured." *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006). Here, while the country reports submitted by Petitioner do generally confirm that torture has been employed in Armenia against opponents of the government, there is no indication in this record, apart from Petitioner's discredited testimony, that Petitioner himself or his son would be tortured if they returned. *See id.* Substantial evidence thus supported denial of Petitioner's CAT claim.

**PETITION FOR REVIEW DENIED.**