**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SNEZHANA JAKUPI, | No. 12-73035 |
| Petitioner, | Agency No. A099-045-117 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Snezhana Jakupi, a native and citizen of Albania, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from

the Immigration Judge's ("IJ") denial of her applications for asylum and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We grant the petition and remand to the BIA for further proceedings.

1.      Jakupi arrived in the United States in March 2004, and she timely filed an asylum application in June 2004. After the agency rejected her application as incomplete, Jakupi hired an immigration consultant, who ultimately submitted a complete application in August 2005. The IJ denied Jakupi's application for asylum because she had failed to file within a year of arrival in the United States or demonstrate extraordinary circumstances sufficient to excuse her late filing. The BIA affirmed.

2.      A late filing of an asylum application is excused if an applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 208.4(a). Although the term "extraordinary circumstances" is not defined in the statute or regulations, the regulations provide several examples. One such example is when "[t]he applicant filed an asylum application prior to the expiration of the 1-year deadline, but that application was rejected by the Service as not properly filed, was returned to the applicant for corrections, and was refiled within a reasonable period thereafter." 8 C.F.R. § 208.4(a)(5)(v). This court has also

recognized that fraud by a non-attorney immigration consultant can constitute extraordinary circumstances. *Viridiana v. Holder*, 646 F.3d 1230 (9th Cir. 2011).

3. The BIA erroneously determined that Jakupi did not argue before the IJ that the ineffective assistance of the immigration consultant caused her untimely filing. During her hearing before the IJ, Jakupi testified that she met with the immigration consultant twice over the course of six months, and that she believed that the consultant had filed the application after their second meeting. Jakupi also testified that she made follow-up phone calls to "Immigration" and to the consultant to confirm that the application had in fact been filed. Given that Jakupi's application was returned as incomplete and she argued before the IJ that the consultant's errors contributed to her delay in filing, the BIA erred in concluding that Jakupi had not sufficiently raised this argument before the IJ. Although the dissent's proposed timeline captures one possible version of events, the precise dates discussed therein are not clearly established by the record. The BIA should address Jakupi's argument on remand and, if necessary, remand to the IJ for further factual finding.

3. In light of our decision to remand Jakupi's asylum claim, we also remand her withholding of removal claim. In the event that Jakupi does not prevail on remand, she may raise her withholding claim in any subsequent petition for review.

**Petition GRANTED and REMANDED.**

3

**Jakupi v. Lynch, No. 12-73035**

Kleinfeld, Senior Circuit Judge, dissenting:

I respectfully dissent.  Jakupi's asylum application was untimely.  The BIA did not abuse its discretion by concluding that she did not show exceptional circumstances justifying her delay.  <u>See</u> 8 C.F.R. § 208.4(a)(5)(v) (2005 ed.).

Jakupi never argued before the IJ that her application was due to "immigration consultant fraud."  <u>See</u> <u>Viridiana v. Holder</u>, 646 F.3d 1230 (9th Cir. 2011).  There is no evidence the consultant did or said anything to delay Jakupi from sending the application in on time.  Rather, Jakupi said she thought her application would be turned in after her second meeting with the consultant.  That meeting was well after the deadline had already passed.  Here are the dates:

- March 24, 2004:  Jakupi enters the United States.

- June 21, 2004:  Jakupi submits a timely asylum application.

- July 26, 2004:  Application returned as incomplete.

- January 26, 2005:  Jakupi consults an immigration consultant.

- June 26, 2005:  Jakupi meets for the second time with the consultant.

- August 15, 2005:  Asylum application completed.

Thus she did not see her immigration consultant for six months after being notified that her application was incomplete. Her completed application was not filed for more than a year after she was notified that it was incomplete. She did not file a complete application until five months after the one year deadline.

I would also affirm the BIA's denial of Jakupi's withholding claim as supported by substantial evidence.