NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIAN QIU ZHAO, AKA Qiu Zhoa Lian, AKA Lian Qiu Zhoa,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-72640

Agency No. A098-740-521

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2016
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Lian Qui Zhao, a/k/a Lian Qui Zhoa, petitions for review of the Board of

Immigration Appeals' decision dismissing his appeal from the Immigration

Judge's order denying his applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we DENY the petition.

We review an adverse credibility finding for substantial evidence. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). We reverse the BIA's decision only if the petitioner's evidence was "so compelling that no reasonable factfinder could find that he was not credible." *Id.* (internal quotation marks omitted) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). The substantial evidence standard is deferential, but the BIA must identify "specific and cogent reasons" supporting its adverse credibility finding. *Id.* at 1055. At least one of the reasons that gave rise to the adverse credibility finding must go to the heart of the asylum claim. *See id.*

Substantial evidence supports the agency's credibility determination. The Board's valid conclusion that Zhao provided vacillating testimony concerning the circumstances of his departure at what he claimed was "the most dangerous moment" is substantial evidence for discrediting Zhao's testimony. The BIA reasonably determined that Zhao had not credibly established essential facts relating to his departure from China, because Zhao testified that he had no trouble leaving China, and that the public security bureau did not stop him, but also that he did not remember if the public security bureau tried to stop him from getting a

passport, that the public security bureau did attempt to stop him from leaving, and that he did not go to the public security bureau. Although ideally the IJ would have directly confronted Zhao with these inconsistencies before relying on them to arrive at an adverse credibility determination, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009), we conclude Zhao was given a minimally adequate opportunity to explain the inconsistencies in light of the repeated questions on this issue, *see Garcia v. Holder*, 749 F.3d 785, 790 (9th Cir. 2014). The events leading up to Zhao's departure are at the heart of his claim for asylum, because Zhao applied for relief alleging that he left as the deadline approached for his compliance with the terms of his conditional release from jail. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Testimony about the events leading up to the petitioner's departure, or about the circumstances that led to the persecution, go to the 'heart of the claim.'") (citing *Chebchoub v. I.N.S.*, 257 F.3d 1038, 1043 (9th Cir. 2001); *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir.2007)).

The IJ additionally found that Zhao's long pauses and puzzled looks supported an adverse credibility finding. The IJ's demeanor finding is entitled to special deference. *Kin*, 595 F.3d at 1056. The BIA endorsed this demeanor determination, and we agree that it provides substantial evidence in support of the overall credibility finding because the IJ has provided specific examples of Zhao's

12-72640

demeanor which the IJ noted on the record, and which caused the IJ to question Zhao's credibility. *See id.*

Because we do not find that "any reasonable adjudicator would be compelled to conclude to the contrary," we do not disturb the agency's credibility finding. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). In the absence of credible testimony, Zhao necessarily failed to carry his burden of proving past persecution, a well-founded fear of future persecution, or a clear probability of future persecution. *See Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (asylum requires establishing either past persecution or a well-founded fear of future persecution); *Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011) (withholding of removal requires establishing either past persecution or a clear probability of future persecution).

Although "[a]n adverse credibility determination is not necessarily a death knell to CAT protection," *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010), the Board did not err in concluding that Zhao failed to sustain his burden to show eligibility for relief under CAT. *See* 8 C.F.R. § 1208.16(c)(2); *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) ("Section 1208.16(c)(2) provides that an applicant for deferral of removal must demonstrate that it is more likely than not that he or she will be tortured if removed.").

**PETITION FOR REVIEW DENIED.**