NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHANG TAO ZHANG, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-74491 <br><br> Agency No. A098-473-279 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and, OWENS, Circuit Judges.

Chang Tao Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004).  We grant the petition for review and remand.

In rejecting Zhang's claim that extraordinary circumstances excused his untimely filed asylum application, the BIA listed reasons Zhang did not provide, made reference to "exceptional circumstances" rather than "extraordinary circumstances," and did not directly address whether the immigration consultant's actions or inactions constituted an extraordinary circumstance.  *See e.g., Viridiana v. Holder*, 646 F.3d 1230, 1238 (9th Cir. 2011) (immigration consultant fraud constitutes an extraordinary circumstance).  Thus, because it appears the BIA applied the wrong legal standard and did not consider record evidence, we vacate the BIA's finding that Zhang did not establish extraordinary circumstances.

Further, as to withholding of removal, substantial evidence does not support the BIA's determination that Zhang's mistreatment did not rise to the level of persecution.  *See Guo*, 361 F.3d at 1203 (totality of the circumstances including physical harm during one and a half day detention coupled with threats compelled finding of past persecution).  Thus, we conclude the harm Zhang suffered in China

13-74491

was sufficiently severe to constitute persecution.

In light of these conclusions, we grant the petition for review as to Zhang's asylum and withholding of removal claims, and we remand to the agency for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

13-74491