**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WALFRED ROLANDO LOPEZ LOPEZ, AKA Walfred Lopez, AKA Julio Varias-Salazar, | No. 16-71409 |
| Petitioner, | Agency No. A205-528-124 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2019[**]
Pasadena, California

Before: RAWLINSON, BENNETT, and BADE, Circuit Judges.

Walfred Rolando Lopez Lopez (Lopez), a native and citizen of Guatemala,

petitions for review of the decision of the Board of Immigration Appeals (Board)

dismissing the appeal of the denials of his requests for withholding of removal and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and review the Board's factual findings for substantial evidence. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014), *as amended*. We deny the petition.

1. A petitioner may demonstrate eligibility for withholding of removal by: (1) establishing past persecution on a protected ground, or (2) demonstrating "that it is more likely than not that he would be subject to" future persecution on a protected ground. *Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011) (citation omitted). A petitioner may establish an objectively reasonable fear of future persecution if: (1) a reasonable possibility exists that he will suffer an individualized risk of persecution, or (2) a pattern or practice of persecution exists against the protected group to which he belongs. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). The government, or forces the government is unwilling or unable to control, must inflict the persecution. *See id.* at 1061.

Substantial evidence supports the Board's conclusion that Lopez failed to meet this standard. Lopez testified that he suffered physical abuse, harassment, and discrimination from classmates in lower school and college, but this treatment did not rise to the level of persecution. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (describing persecution as "an extreme concept" not met by ill

2

treatment from classmates and teachers). Similarly, Lopez failed to establish that he would more likely than not suffer individual persecution, or a systemic pattern or practice of persecution by the government, or forces the government is unwilling or unable to control, exists against his asserted protected group. *See Wakkary*, 558 F.3d at 1060-61.

2. Substantial evidence also supports denial of the CAT claim. For CAT relief, a petitioner must establish that he will more likely than not be tortured if removed. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)*, as amended*. Lopez relied on the same testimony of physical abuse, humiliation, and discrimination to support his CAT claim. These allegations did not rise to the level of torture. *See id.* (noting that torture is an "extreme form of cruel and inhuman treatment").

3. To the extent Lopez's equal protection claim was exhausted, it fails on the merits. The immigration judge and the Board treated him no differently than similarly situated individuals. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).

4. Finally, assuming without deciding that Lopez exhausted his claim that the Board misidentified his asserted social groups, Lopez failed to establish that his asserted social group of "indigent, indigenous individual[s] with a visible

disability" was sufficiently particular and socially distinct in Guatemalan society.

*See Reyes v. Lynch*, 842 F.3d 1125, 1135-36 (9th Cir. 2016).

**PETITION DENIED.**