**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILIT HOVHANNISYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70816

Agency No. A075-727-271

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 13, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,** District
Judge.

Lilit Hovhannisyan, a native and citizen of Armenia, petitions for review of

a decision by the Board of Immigration Appeals (BIA) upholding the denial of her

application for adjustment of status.  The immigration judge (IJ) held that

Hovhannisyan is statutorily ineligible for adjustment of status because she "failed

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

(other than through no fault of [her] own or for technical reasons) to maintain continuously a lawful status since entry into the United States." 8 U.S.C. § 1255(c)(2). The BIA agreed with the IJ's conclusion.

We vacate the BIA's decision and remand for further proceedings because unresolved factual issues exist that may bear on whether Hovhannisyan remains eligible for adjustment of status.

Hovhannisyan's lawful immigration status ended on February 27, 2000, when her B-2 visitor's visa expired. It appears that 8 U.S.C. § 1255(k)(2) applies here, such that Hovhannisyan remained eligible for adjustment of status as long as she was not out of lawful status for more than 180 days at the time she filed her application. Although Hovhannisyan admits that she was out of lawful status for more than 180 days, she contends that this occurred "through no fault of [her] own" within the meaning of 8 U.S.C. § 1255(c)(2). In particular, she argues that she reasonably relied on the services of a non-attorney immigration consultant, Arman Babajanyan, who negligently advised her to pursue an asylum application instead of seeking adjustment of status and (in the interim) an extension of her visitor's visa.

The IJ and BIA rejected Hovhannisyan's contention on the ground that her reliance on Babajanyan's advice is not covered by the definition of the phrase "through no fault of [her] own" found in 8 C.F.R. § 1245.1(d)(2). In *Peters v.*

*Barr*, ___ F.3d ___ (9th Cir. 2020) (No. 16-73509), however, we held that § 1245.1(d)(2) is invalid to the extent that it excludes reasonable reliance on the assistance of counsel as one of the circumstances covered by the phrase "through no fault of [her] own." We reasoned there that Congress intended that phrase to apply when an applicant for adjustment of status is not *personally responsible* for her failure to maintain lawful status, and that an applicant who fails to maintain lawful status due to her reasonable reliance on the erroneous advice of counsel is not personally to blame for that failure. *Cf. Viridiana v. Holder*, 646 F.3d 1230, 1238 (9th Cir. 2011) (holding that "immigration consultant fraud is an unenumerated circumstance—distinct from ineffective assistance of counsel—that can excuse an untimely asylum application").

We think the same reasoning extends to an applicant's reasonable reliance on the assistance of a non-attorney immigration consultant. It is a well-known fact that many non-citizens lack the means to hire licensed attorneys and are therefore forced to rely on the less-expensive services of non-attorney immigration consultants, who often hold themselves out as possessing sufficient expertise to assist applicants in navigating through the complexities of the immigration system. Provided that an applicant's reliance on the assistance of a non-attorney immigration consultant is reasonable under the circumstances, the applicant's

failure to maintain lawful status cannot be deemed her "fault" if it occurs because of a mistake made by the consultant.

We are unable to determine on this record whether Hovhannisyan is entitled to relief. The record does not disclose, for example, when Hovhannisyan hired Babajanyan. If she hired him after she had already been out of lawful status for more than 180 days, then her reliance on his assistance could not have resulted in her failure to maintain lawful status as required under 8 U.S.C. § 1255(c)(2) and (k). Nor does the record disclose whether Hovhannisyan's reliance on Babajanyan's assistance was reasonable under the circumstances. We therefore vacate the BIA's decision and remand the case for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED.**