*403 MEMORANDUM **
Snezhana Jakupi, a native and citizen of Abania, petitions for review of the decision of the Board of Immigration Appeals (“BIA”) dismissing her appeal from the Immigration Judge’s (“IJ”) denial of her applications for asylum and withholding of removal. We grant the petition and remand to the BIA for further proceedings.
1. Jakupi arrived in the United States in March 2004, and she timely filed an asylum application in June 2004. Ater the agency rejected her application as incomplete, Jakupi hired an immigration consultant, who ultimately submitted a complete application in August 2005. The IJ denied Jakupi’s application for asylum because she had failed to file within a year of arrival in the United States or demonstrate extraordinary circumstances sufficient to excuse her late filing. The BIA affirmed.
2. A late filing of an asylum application is excused if an applicant demonstrates “either the existence of changed circumstances which materially affect the applicant’s eligibility for asylum or extraordinary circumstances relating to the delay in filing an application.” 8 U.S.C. § 1158(a)(2)(D); see also 8 C.F.R. § 208.4(a). Athough the term “extraordinary circumstances” is not defined in the statute or regulations, the regulations provide several examples. One such example is when “[t]he applicant filed an asylum application prior to the expiration of the 1-year deadline, but that application was rejected by the Service as not properly filed, was returned to the applicant for corrections, and was refiled within a reasonable period thereafter.” 8 C.F.R. § 208.4(a)(5)(v). This court has also recognized that fraud by a non-attorney immigration consultant can constitute extraordinary circumstances. Viridiana v. Holder, 646 F.3d 1230 (9th Cir.2011).
3.The BIA erroneously determined that Jakupi did not argue before the IJ that the ineffective assistance of the immigration consultant caused her untimely filing. During her hearing before the IJ, Jakupi testified that she met with the immigration consultant twice over the course of six months, and that she believed that the consultant had filed the application after their second meeting. Jakupi also testified that she made follow-up phone calls to “Immigration” and to the consultant to confirm that the application had in fact been filed. Given that Jakupi’s application was returned as incomplete and she argued before the IJ that the consultant’s errors contributed to her delay in filing, the BIA erred in concluding that Jakupi had not sufficiently raised this argument before the IJ. Athough the dissent’s proposed timeline captures one possible version of events; the precise dates discussed therein are not clearly established by the record. The BIA should address Jakupi’s argument on remand, and, if necessary, remand to the IJ for further factual finding.
3. In light of our decision to remand Jakupi’s asylum claim, we also remand her withholding of removal claim. In the event that Jakupi does not prevail on remand, she may raise her withholding claim in any subsequent petition for review.
Petition GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.