**NOT FOR PUBLICATION**

JUN 05 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARLIN MAURICIO MEJIA, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 13-73776 Agency No. A095-751-650 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2017
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,[**]
District Judge.

Darlin Mauricio Mejia ("Mejia"), a native and citizen of Honduras, petitions

for review of the Board of Immigration of Appeals' ("BIA") October 18, 2013

order denying his applications for asylum, withholding of removal, and relief under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. §

1252.  Denials of asylum and withholding of removal are reviewed for substantial

evidence.  *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014).  Questions of law

are reviewed de novo.  *Tista v. Holder*, 722 F.3d 1122, 1125 (9th Cir. 2013).  In

the immigration context, mixed questions of fact and law are reviewed for

substantial evidence.  *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011).[1]

**1.**  "[U]nder 8 U.S.C. § 1158(a)(2)(B), an alien seeking asylum must file an

application within one year of arrival in the United States."  *Viridiana v. Holder*,

646 F.3d 1230, 1233 (9th Cir. 2011).  Extraordinary circumstances "may excuse

the failure to file within the 1–year period as long as the alien filed the application

within a reasonable period given those circumstances."  8 C.F.R. § 208.4(a)(5).

"The issue of whether a petitioner has demonstrated 'extraordinary circumstances'

warranting equitable tolling is a mixed question of fact and law."  *Viridiana,* 646

F.3d at 1234.

Mejia first arrived in the United States in 1999 at the age of 23, but did not

file an asylum application until 2011.  Mejia alleges that his failure to file within

one year was caused by immigration consultant fraud in 1999.  Though

---

[1]     The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

immigration consultant fraud can constitute "extraordinary circumstances," *Viridiana*, 646 F.3d at 1238, Mejia has failed to demonstrate that his nearly twelve year delay in filing was reasonable given those circumstances. *See* 8 C.F.R. § 208.4(a)(5). Substantial evidence, thus, supports the BIA's finding that Mejia's 2011 asylum application is time-barred and not excused by extraordinary circumstances.

2. From the ages of twelve to sixteen, Mejia faced repeated rapes and beatings by two men in Honduras. Mejia, who is a gay man, presented evidence that he was aware of his own sexuality at the time of the attacks and that when he met his attackers, "it was attraction for them." The Immigration Judge ("IJ") interpreted this as evidence that Mejia was attracted to the men. The BIA affirmed the IJ's findings that Mejia "did not present evidence or testimony sufficient to demonstrate that his sexual orientation was at least one central reason motivating his attackers."

In *Barajas-Romero v. Lynch*, we held that, while an asylum seeker must demonstrate that his membership in a particular social group is "one central reason" for his persecution, "Congress did not intend for the 'one central reason' standard to apply to withholding of removal claims." 846 F.3d 351, 358–59 (9th Cir. 2017). For withholding, an applicant need only demonstrate that his

3

membership in a particular social group is "a reason," which "includes weaker motives than 'one central reason.'" *Id.* at 359. "Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). Here, the BIA did not have the benefit of our opinion in *Barajas-Romero.* Accordingly, the issue of withholding of removal is remanded on an open record for consideration under the standard articulated in that case.[2]

**3.** The BIA failed to analyze whether Mejia's sexual orientation or HIV-positive status established eligibility under CAT. The agency is responsible for making these initial determinations. *See* 8 C.F.R. § 208.18. Thus, as respondent concedes is appropriate, the issue of CAT is remanded for consideration, on an open record. *See Ventura*, 537 U.S. at 16–17.

Each party shall bear its own costs.

**Petition GRANTED and REMANDED in part, and DENIED in part.**

---

[2]    To the extent necessary, the BIA should also consider the issue of withholding in light of our recent decision, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc). *Bringas-Rodriguez* clarified the "unable or unwilling" standard for past persecution, under which an applicant has the burden of establishing that "persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).