
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSE WANJIKU MWANIKI, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-70172 Agency No. A208-933-180 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,** District
Judge.

Rose Mwaniki (Mwaniki), a native and citizen of Kenya, petitions for

review of a decision of the Board of Immigration Appeals (the Board) dismissing

her claims for asylum, cancellation of removal, withholding of removal, and relief

under the Convention Against Torture (CAT); and denying her remand motion.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the Board's factual findings for substantial evidence. *See Lai v. Holder*, 773 F.3d 966, 970 (9th 2014), *as amended*. To reverse the Board, "we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation, alteration, and internal quotation marks omitted) (emphases in the original).

1.      Mwaniki failed to address in her opening brief the denial of her asylum claim, thereby waiving this argument. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

2.      We lack jurisdiction to review the Board's denial of cancellation of removal because Mwaniki raised no cognizable legal or constitutional questions concerning the Board's action. *See Fernandez v. Gonzales*, 439 F.3d 592, 596 (9th Cir. 2006). The Board utilized the correct legal standard, and evaluated Mwaniki's asserted rehabilitation. *See Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir. 2014), *as amended* (noting that discussion of failure of rehabilitation was sufficient).

3.      Substantial evidence supported the Board's denial of withholding of removal. A petitioner may demonstrate eligibility for withholding of removal by: (1) establishing past persecution, or (2) demonstrating that it is more likely than

not that future persecution will occur. *See Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011). Mwaniki failed to address whether she suffered past persecution in her opening brief, thereby waiving this argument. *See Rizk*, 629 F.3d at 1091 n.3.

Substantial evidence supported the Board's conclusion that Mwaniki lacked an objective, well-founded fear of future persecution. A petitioner may establish an objectively reasonable fear of future persecution if: (1) it is more likely than not that her life or freedom would be threatened upon return to that country, or (2) a pattern or practice of persecution exists against a similarly-situated, protected group. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009).

Substantial evidence supported the determination that Mwaniki is unlikely to be subjected to future persecution because: she was not subject to past persecution and has never been personally threatened by the Mungiki; she has not been to Kenya in over 20 years; and some members of her family have successfully moved to other parts of Kenya to avoid violence. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). In particular, Mwaniki's ability to relocate to Meru, Kenya—where her mother hid from the Mungiki for over a year—undermined her withholding of removal claim. *See id.* at 1091.

**4.** Substantial evidence supported the Board's denial of CAT relief.

There was no evidence of past torture against Mwaniki, and she could relocate to avoid any potential future torture. *See Wakkary*, 558 F.3d at 1068 (denying CAT relief where showing of torture was inadequate).

5.      The Board sufficiently addressed the remand motion by noting that Mwaniki's post-hearing evidence did not establish changed country conditions. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**DISMISSED in part and DENIED in part.**