NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLA PATRICIA MELGAR-MELGAR, | No. 18-72268 |
| Petitioner, | Agency No. A208-283-595 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2020[**]
Pasadena, California

Before: KELLY,[***] GOULD, and R. NELSON, Circuit Judges.

Carla Patricia Melgar-Melgar ("Melgar"), citizen and native of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

appeal from the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection from removal under the Convention Against Torture (CAT), and denial of her motion to remand.[1] Because the parties are familiar with the facts and procedural history of the case, we do not recite them here.

When the BIA conducts its own review rather than adopting the IJ's decision, we review the BIA's decision "except to the extent that the IJ's opinion is expressly adopted." *See Perez-Mejia v. Holder*, 663 F.3d 403, 409 (9th Cir. 2011) (citation omitted). Further, the agency's factual determinations are conclusive unless "the evidence not only supports [a contrary] conclusion, but compels it . . ." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original); 8 U.S.C. § 1252(b)(4)(B). We have described the standard of review of questions of fact as "extremely deferential." *Angov v. Lynch*, 788 F.3d 893, 902 (9th Cir. 2015) (citation omitted). This standard does not allow us to reverse the BIA's decision simply if we disagree with the agency's factual evaluation. *Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007).

The INA defines a "refugee" as a person unable to return to his country of nationality "because of persecution or a well-founded fear of persecution on account

---

[1] Melgar has failed to address the denial of her claim for protection under the Convention Against Torture in any way in her Opening Brief or Reply Brief to this Court, or in her appeal to the BIA. For this reason, her CAT claim is abandoned, and we do not address it further. *Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015).

of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), the Attorney General must withhold removal of an alien if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. To establish eligibility for withholding of removal, an applicant bears the burden of establishing by a "clear probability" that her life or freedom would be threatened in the proposed country of removal because of a protected ground. 8 C.F.R. § 1208.16(b). The Supreme Court has defined "clear probability" to mean it is "more likely than not" an alien would be subject to persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429-30 (1987). To establish eligibility for asylum, the applicant must meet the "well-founded fear" standard. *See, e.g., Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011). A fear is well-founded if it is subjectively genuine and objectively reasonable. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987).

The BIA did not err by holding that Melgar did not raise the particular social group of "Women in El Salvador" before the IJ. Substantial evidence supports the denial of asylum and withholding of removal. A review of the evidence shows that Melgar did not suffer past persecution in El Salvador because of her political opinion or membership in a particular social group.

Melgar contends that the BIA erred by determining she did not raise the particular social group of "Women in El Salvador" before the IJ. We do not reach this argument, because Melgar did not challenge the independent findings that she failed to show past persecution, or a well-founded fear of future persecution.

The BIA also did not err when denying Melgar's motion to remand. When reviewing a denial of a motion to reopen for abuse of discretion, we "will reverse the denial of a motion to reopen only if the [agency] acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (citation omitted). The Court reviews *de novo* the BIA's conclusions on pure legal issues, and reviews factual findings for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). The agency is given broad discretion to decide whether to grant or deny motions to reopen. *INS v. Abudu*, 485 U.S. 94, 110 (1988).

"The formal requirements of a motion to remand and a motion to reopen are the same." *Romero–Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). For a motion to reopen and motion to remand to be granted, the party seeking relief must establish a prima facie showing of eligibility for the underlying relief sought. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). Further, the BIA will not grant a motion to reopen proceedings "unless it appears to the Board that

evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

The BIA here properly exercised its discretion when it denied Melgar's motion to remand. Melgar did not show that the Salvadoran government either condoned her aunt's alleged conduct or demonstrated a complete helplessness to protect her from her aunt. Also, the BIA did not abuse its discretion when it found that her aunt's abuse was due to her preexisting relationship with Melgar. Melgar could not prove that she had a well-founded fear of future persecution, considering that she had not even heard from her aunt for over five years. For these reasons, the BIA properly exercised its discretion when it denied her motion to remand.

Finally, the BIA did not abuse its discretion by not considering Melgar's claim for humanitarian asylum. The BIA was not required to address Melgar's humanitarian asylum claim. The BIA had already held Melgar did not present prima facie evidence she had suffered past persecution due to a protected ground, because she did not demonstrate that Salvadoran authorities were unwilling or unable to protect her from her aunt. Because Melgar cannot establish past persecution because of a protected ground, her claim for humanitarian asylum fails. For this reason, the BIA did not abuse its discretion by not considering her humanitarian asylum claim.

**PETITION DENIED.**

5