**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMAZANI VERLAIN DEYOU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-72220

Agency No. A213-080-721

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 11, 2021
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Ramazani Deyou, a native and citizen of the Democratic Republic of the

Congo (Congo), seeks review of the decision of the Board of Immigration Appeals

(BIA) that affirmed the decision of the immigration judge (IJ) denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The IJ's determination that Deyou has not suffered past persecution is supported by substantial evidence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019). Although Deyou claimed that the persons who killed his brother and damaged his office were members of the presidential guard and presented country conditions reports mentioning a later attack in Kinshasa on an office run by Deyou's political party, the IJ's determination that the identity of the perpetrators was unknown was supported by the record, given that Deyou's claim was based on third-hand information (a neighbor's statement to Deyou's uncle) and Deyou's own speculations. Contrary to Deyou's assertions, the IJ was not required to conclude that Deyou had met his burden of proof simply because the IJ found that Deyou subjectively believed that it was the presidential guards who attacked his office. *See, e.g.*, *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (holding that a petitioner's credible testimony and country conditions report were insufficient to meet petitioner's burden for asylum and withholding of removal). Moreover, the record establishes that the presidential guard had not harmed, harassed or threatened Deyou while he was in the Congo despite his open protest activities. The IJ's determination that Deyou did not suffer past persecution

2

by the government or forces that the government was "unwilling or unable to control" was therefore supported by substantial evidence. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007).

The record also does not compel the conclusion that Deyou has a well-founded fear of future persecution if he returns to Congo. *See Duran-Rodriguez*, 918 F.3d at 1029. Deyou testified that after he and his parents had left the Congo, soldiers threatened that someone in Deyou's family would "pay" if Deyou did not return, and his mother told him that the presidential guard threatened to hurt her if she did not tell them where Deyou had fled, but such vague, indirect threats are insufficient to establish a well-founded fear of future persecution. *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171–72 (9th Cir. 2006). Because Deyou has not established a well-founded fear of future persecution, he also has not demonstrated a "clear probability" of future persecution for withholding of removal. *See Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011).

Deyou has not established a claim for CAT relief because he has not demonstrated that he is more likely than not to face torture upon removal to Congo. *See* 8 C.F.R. § 208.16(c)(2). Given that Deyou did not suffer physical harm while in Congo and the country reports in the record contained only generalized incidents of violence, the record does not compel the conclusion that Deyou is entitled to

3

CAT relief.  *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019);

*Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001).

**PETITION DENIED.**