**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Rocio Jimenez-Corona, Petitioner, v. Merrick B. Garland, U.S. Attorney General, Respondent. | No. 21-38 Agency No. A205-299-828 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023**
Seattle, Washington

Before: McKEOWN, BYBEE, and FORREST, Circuit Judges.

Rocio Jimenez-Corona, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' ("BIA") decision dismissing her appeal of the

Immigration Judge's ("IJ") denial of cancellation of removal, withholding of

removal, and protection under the Convention Against Torture ("CAT").

Jimenez-Corona does not challenge the BIA's determination that her asylum

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application was time barred, and we consider that issue waived. We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal citation omitted). "When, like here, the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part.

The BIA determined that Jimenez-Corona is ineligible for cancellation of removal because she failed to demonstrate that removal would result in "exceptional and extremely unusual hardship" to her wife, who is a U.S. citizen. *See* 8 U.S.C. § 1229b(b)(1). Jimenez-Corona suggests that the BIA violated her "due process rights" by failing to consider all relevant evidence. We generally lack jurisdiction to review the agency's decisions and factual findings in cancellation of removal proceedings, but we may review colorable constitutional claims and questions of law. *See Patel v. Garland*, 142 S. Ct. 1614, 1622–23 (2022) (addressing the scope of federal courts' review under 8 U.S.C. § 1252(a)(2)(B), (D)). "To determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label," *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)), and ensure that the claim is "more than an argument that the IJ abused his discretion," *id.* (quoting *Martinez-Rosas*

*v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005)).

Looking beyond the label, Jimenez-Corona's claim is essentially an objection to the IJ's and BIA's assessments of the facts. Although we have yet to conclude what effect, if any, the Supreme Court's recent decision in *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020), has on what qualifies as a reviewable "mixed question of law and fact," the question that Jimenez-Corona presents is fundamentally factual. Thus, we lack jurisdiction to review her cancellation of removal claim and dismiss this portion of the petition.

We also lack jurisdiction to consider Jimenez-Corona's challenge to the IJ's partial adverse credibility determination. Although the IJ found Jimenez-Corona credible with respect to her lesbian identity, he found her not credible with respect to past physical mistreatment that she alleged she suffered in Mexico on account of her perceived sexual orientation. After endorsing the IJ's determination, the BIA concluded that Jimenez-Corona "waived" the issue by failing to "meaningfully challenge the Immigration Judge's partial adverse credibility determination regarding her mistreatment" on appeal. A "petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam)). Thus, the partial adverse credibility determination is beyond the scope of our review, and we dismiss this portion of the petition.

Substantial evidence supports the BIA's denial of Jimenez-Corona's petition for withholding of removal. A noncitizen seeking withholding of removal "must either establish past persecution . . . or demonstrate that it is more likely than not [s]he would be subject to persecution" on account of a protected ground if removed. *Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011) (internal citation omitted). Although the government does not dispute that Jimenez-Corona's sexual orientation establishes "membership in a particular social group" under 8 U.S.C. § 1231(b)(3), the IJ's partial adverse credibility finding supports the BIA's determination that she did not establish past persecution and thus was not entitled to a presumption of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060–63 (9th Cir. 2021). Jimenez-Corona's claim of future persecution also falls short: the only documentary evidence that she submitted speaks to the recognition of sexual orientation as a protected ground, but it does not elucidate any particular perils facing LGBTQI+ individuals in Mexico. Consequently, the BIA did not err in denying Jimenez-Corona's claim for withholding of removal, and we deny this portion of the petition.

Substantial evidence also supports the BIA's denial of CAT relief because Jimenez-Corona failed to establish that it is more likely than not that she will be tortured in the country of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (reciting standard for CAT relief). Although "[a]n adverse credibility determination does not, by itself, necessarily defeat a CAT claim

because CAT claims are analytically separate from claims for withholding of removal," the standard for relief is high. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (quoting *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014)). Torture is "an extreme form of cruel and inhuman punishment" that is "more severe than persecution" and must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1221 (9th Cir. 2022) (internal citations omitted). Although Jimenez-Corona's concerns about facing homophobia and having to hide her identity and love for her spouse are certainly sympathetic, they do not rise to the high standard to warrant CAT relief. The BIA did not err, and we deny this portion of the petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**