NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AGUSTO VASQUEZ MUY,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6110

Agency No.
A208-939-624

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 20, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Agusto Vasquez Muy, a native and citizen of Guatemala, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing his

appeal of an Immigration Judge's ("IJ") decision denying his applications for

withholding of removal and protection under the Convention Against Torture

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").[1]

We review legal conclusions de novo and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "We 'review [an] IJ's determination that [an] alien did not establish a reasonable fear of persecution or torture for substantial evidence,' which means that 'we must uphold the IJ's conclusion . . . unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary.'" *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (alterations in original) (quoting *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018)). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

**I.** Substantial evidence supports the agency's denial of Vasquez Muy's petition for withholding of removal. To be eligible for withholding of removal, a Petitioner must show that his "life or freedom would be threatened in [the country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C § 1231 (b)(3)(A). An applicant must show either that he has suffered past persecution, or that evidence in the record demonstrates a clear probability of future persecution. *Viridiana v. Holder*, 646 F.3d 1230, 1239 (9th Cir. 2011). "To establish eligibility for withholding of

---

[1] Vasquez Muy in his appeal to the BIA did not challenge the IJ's denial of his asylum application as time barred because he applied after the one year-deadline. Thus, his asylum claim is unexhausted and forfeited.

removal in the absence of past persecution, an applicant must demonstrate both that he has a subjective fear of persecution in the future, and that this fear is objectively reasonable—which, in the withholding context, means that the chance of future persecution is 'more likely than not.'" *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)).  We have held that "[p]ersecution . . . is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)).

When a noncitizen is a member of a disfavored group, we consider the risk level of membership in the group along with the individualized "threat of persecution." *Lapadat v. Bondi*, No. 23-1745, 2025 WL 2176149, at *11 (9th Cir. July 31, 2025) (quoting *Mgoian v. INS*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999)). The more serious and widespread the risk of persecution to the group, the less individualized the threat of persecution needs to be. *Id.* However, disfavored group membership "is not sufficient *by itself* to meet [a petitioner's] ultimate burden of proof; '*some* evidence of individualized risk is necessary for the petitioner to succeed.'" *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) (quoting *Wakkary*, 558 F.3d at 1065).

Vasquez Muy argues he has a clear probability of persecution based on his indigenous Mayan ethnicity.  He claims that his past experiences with anti-

indigenous discrimination, although not persecutory, demonstrate that he faces a risk of future persecution because they show that he is *identifiable* as indigenous. Vasquez Muy argues that being identifiable as indigenous, coupled with the economic and political deprivation of indigenous Guatemalans, creates a "more likely than not" risk he will be persecuted.

Although the agency assumed Vasquez Muy demonstrated he is a member of a disfavored group on account of his indigenous Mayan ethnicity, he has not shown an individualized risk of persecution. Vasquez Muy cites two instances of discrimination. Once, when he was 14 years old, someone threw away the peanuts he was selling and told him he did not belong because he was "Indian." On another occasion, someone threw away his shoe shine kit and told him to "go back to where you were from." These two events are insufficient to show an individualized risk of persecution.

**II.** Substantial evidence supports the agency's denial of CAT protection. An applicant for CAT relief has the burden to "establish that it is more likely than not that [he] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

Vasquez Muy produced evidence of "considerable crime in many parts of Guatemala" and of gang related acts of torture. In addition, the IJ acknowledged that "[g]overnment officials may be corrupt" and that "[s]ome of them engage in

acts of torture."  But CAT relief is "based entirely on an objective basis of fear," and Vasquez Muy has not demonstrated an objectively reasonable fear of future torture.  *Sharma*, 9 F.4th at 1067 (quoting *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010)).  The agency could reasonably determine that Vasquez Muy's assertions about the discrimination and poverty indigenous Guatemalans face did not make it more likely than not that he would be tortured under CAT's definition.  *See Nuru v. Gonzalez*, 404 F.3d 1207, 1224 (9th Cir. 2005) (torture under CAT is "more severe than persecution").  Moreover, Vasquez Muy produced no evidence that he himself has suffered past torture or that he is likely to be tortured by the Guatemalan government or by others acting with the acquiescence of the government.

The petition for review is **DENIED.**